IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CROSS OIL REFINING & MARKETING INC., | |
| Petitioner, | Case No. 22-1114 |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |

**PETITION FOR REVIEW**

Pursuant to Rule 15(a) of the Federal Rules of Appellate Procedure and Section 307(b) of the Clean Air Act, 42 U.S.C. § 7607(b), Cross Oil Refining & Marketing, Inc. hereby petitions the United States Court of Appeals for the District of Columbia Circuit for review of a final agency action of the United States Environmental Protection Agency, titled "*April 2022 Denial of Petitions for RFS Small Refinery Exemptions*" (EPA-420-R-22-005) and published in the Federal Register on April, 25, 2022 at 87 Fed. Reg. 24300 (Apr. 25, 2022). *See* Attachment A.

This Court has jurisdiction and is the proper venue for this action pursuant to 42 U.S.C. § 7607(b)(1). This petition is timely because it has been filed within sixty days of publication of the agency action.

Dated: June 17, 2022

Respectfully submitted,

*/s/ Mark W. DeLaquil*

MARK W. DELAQUIL
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, DC  20036
Tel: (202) 861-1527
Email: mdelaquil@bakerlaw.com

*Attorney for Petitioner*

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CROSS OIL REFINING & MARKETING INC., <br><br> Petitioner, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | Case No. 22-1114 _____ |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and D.C. Circuit Rule 26.1, Petitioner Cross Oil Refining & Marketing, Inc. ("Cross Refining") hereby states that it is a corporation engaged in the business of refining and marketing petroleum products. Cross Refining is wholly owned by Martin Resource Management Corporation, which is privately held. There are no publicly traded entities that own 10% or more of Cross Refining's stock. Cross Refining was formed in the State of Delaware and is qualified to do business where it operates.

Dated: June 17, 2022    Respectfully submitted,

/s/ *Mark W. DeLaquil*
MARK W. DELAQUIL
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, DC  20036
Tel: (202) 861-1527
Email: mdelaquil@bakerlaw.com

*Attorney for Petitioner*

# CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Appellate Procedure 3(d), 15(c), and 25, D.C. Circuit Rules 15(a) and 25, and 40 C.F.R. § 23.12(a), I hereby certify that the foregoing Petition for Review and Corporate Disclosure Statement will be served via certified mail, return receipt requested, upon the following:

Hon. Michael S. Regan, Administrator
U.S. Environmental Protection Agency
Office of the Administrator (1101A)
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

U.S. Environmental Protection Agency
Correspondence Control Unit
Office of General Counsel (2311)
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

Hon. Merrick B. Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Hon. Todd Kim
Assistant Attorney General
Environmental and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Dated: June 17, 2022              /s/ Mark W. DeLaquil
                                  MARK W. DELAQUIL

                                  *Attorney for Petitioner*

# Attachment A

the operation of an affected facility, or any period during which the monitoring system is inoperative. These notifications, reports, and records are essential in determining compliance, and are required of all affected facilities subject to NESHAP.

*Form Numbers:* None.

*Respondents/affected entities:* Owners and operators of demolition and renovation of facilities, asbestos cement (A/C) pipe replacement projects (ACPRPs), asbestos waste disposal, asbestos milling, manufacturing and fabricating, use of asbestos on roadways, asbestos waste converting facilities, and the use of asbestos insulation and sprayed-on materials.

*Respondent's obligation to respond:* Mandatory (40 CFR part 61, subpart M).

*Estimated number of respondents:* 9,771 (total).

*Frequency of response:* Quarterly, semiannually, annually.

*Total estimated burden:* 297,000 hours (per year). Burden is defined at 5 CFR 1320.3(b).

*Total estimated cost:* $35,100,000 (per year), which includes $0 in annualized capital/startup and/or operation & maintenance costs.

*Changes in the Estimates:* There is an increase in the total estimated burden as currently identified in the OMB Inventory of Approved Burdens. The change is due to the removal of burden associated with electronic reporting by either demolition or renovation facilities. The previous ICR renewal introduced a pilot program for demolition/renovation facilities, which allowed for voluntary submission of certain notifications using electronic reporting, as available. However, there are no regulatory requirements for electronic submission of reports in 40 CFR part 61, subpart M; therefore, this ICR does not assign a regulatory burden for electronic submittal of reports.

**Courtney Kerwin,**

*Director, Regulatory Support Division.*

[FR Doc. 2022–08701 Filed 4–22–22; 8:45 am]

**BILLING CODE 6560–50–P**

---

**ENVIRONMENTAL PROTECTION AGENCY**

[EPA–HQ–OAR–2021–0566; FRL–9711–01–OAR]

**April 2022 Denial of Petitions for Small Refinery Exemptions Under the Renewable Fuel Standard Program**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Denial of petitions.

**SUMMARY:** The Environmental Protection Agency (EPA) is providing notice of its final action entitled April 2022 Denial of Petitions for RFS Small Refinery Exemptions ("SRE Denial") in which EPA denied 36 small refinery exemption (SRE) petitions under the Renewable Fuel Standard (RFS) program. EPA is providing this notice for public awareness of and the basis for EPA's decision issued on April 7, 2022.

**DATES:** April 25, 2022.

**FOR FURTHER INFORMATION CONTACT:** Karen Nelson, Office of Transportation and Air Quality, Compliance Division, Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, MI 48105; telephone number: 734–214–4657; email address: *nelson.karen@epa.gov*.

**SUPPLEMENTARY INFORMATION:**

**I. Background**

The Clean Air Act (CAA) provides that a small refinery[1] may at any time petition EPA for an extension of the exemption from the obligations of the RFS program for the reason of disproportionate economic hardship (DEH).[2] In evaluating such petitions, the EPA Administrator, in consultation with the Secretary of Energy, will consider the findings of a Department of Energy (DOE) study and other economic factors.[3]

**II. Decision**

In the SRE Denial,[4] we conducted an extensive analysis and review of information provided to EPA by small refineries in their SRE petitions and in the comments submitted in response to the Proposed Denial.[5] We sought comment on all aspects of the Proposed Denial, including on our conclusions that the CAA requires small refineries to demonstrate that DEH is caused by compliance with the RFS program. We also sought comment on our economic analyses and conclusion that no small refineries face disproportionate costs of compliance due to the RFS program, no economic hardship, and, therefore, no DEH caused by RFS compliance. We requested additional data that would show the relationship between RFS compliance costs and the price of transportation fuel blendstocks. We also sought comment on our proposed change in approach to SRE eligibility based on receipt of the original statutory exemption, and our proposed decision to deny all pending SRE petitions based on the proportional nature of the RFS requirements and our findings regarding RIN cost passthrough. We considered all the comments received and have responded to them in the SRE Denial and its corresponding appendices.

In the SRE Denial, we find that all refineries face the same costs to acquire RINs regardless of whether the RINs are created through the act of blending renewable fuels or are purchased on the open market. This happens because the market price for these fuels increases to reflect the cost of the RIN, much as it would increase in response to higher crude prices. In other words, this increased price for gasoline and diesel fuel allows obligated parties to recover their RIN costs through the market price of the fuel they produce. Because the market behaves this way for all parties subject to the RFS program, there is no disproportionate cost to any party, including small refineries, and no hardship given that the costs are recovered. As a result, we conclude that small refineries do not face DEH. Given this conclusion and the other reasons described in the SRE Denial, we have denied 36 SRE petitions by finding the petitioning refineries do not face DEH caused by compliance with their RFS obligations.

**III. Judicial Review**

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. This section provides, in part, that petitions for review must be filed in the United States Court of Appeals for the District of Columbia Circuit: (i) When the agency action consists of "nationally applicable . . . final actions taken by the Administrator," or (ii) when such action is locally or regionally applicable, but "such action is based on a determination of nationwide scope or effect and if in taking such action the Administrator finds and publishes that such action is based on such a determination." For locally or regionally applicable final actions, the CAA reserves to the EPA complete discretion whether to invoke the exception in (ii) described in the preceding sentence.

This final action is "nationally applicable" within the meaning of CAA section 307(b)(1). In the alternative, to the extent a court finds this final action to be locally or regionally applicable, the Administrator is exercising the complete discretion afforded to him

---

[1] The CAA defines a small refinery as "a refinery for which the average aggregate daily crude oil throughput for a calendar year . . . does not exceed 75,000 barrels." CAA section 211(*o*)(1)(K).

[2] CAA section 211(*o*)(9)(B)(i).

[3] CAA section 211(*o*)(9)(B)(ii).

[4] "April 2022 Denial of Petitions for RFS Small Refinery Exemptions," EPA–420–R–22–005, April 2022.

[5] "Proposed RFS Small Refinery Exemption Decision," EPA–420–D–21–001, December 2021 (hereinafter the "Proposed Denial"). 86 FR 70999 (December 14, 2021).

under the CAA to make and publish a finding that this action is based on a determination of "nationwide scope or effect" within the meaning of CAA section 307(b)(1).[6] This final action denies petitions for exemptions from the RFS program for over 30 small refineries across the country and applies to small refineries located within 18 states in 7 of the 10 EPA regions and in 8 different Federal judicial circuits.[7] This final action is based on EPA's revised interpretation of the relevant CAA provisions and the RIN discount and RIN cost passthrough principles that are applicable to all small refineries no matter the location or market in which they operate. For these reasons, this final action is nationally applicable or, alternatively, the Administrator is exercising the complete discretion afforded to him by the CAA and hereby finds that this final action is based on a determination of nationwide scope or effect for purposes of CAA section 307(b)(1) and is hereby publishing that finding in the **Federal Register**.

Under section 307(b)(1) of the CAA, petitions for judicial review of this action must be filed in the United States Court of Appeals for the District of Columbia Circuit by June 24, 2022.

**Joseph Goffman,**
*Principal Deputy Assistant Administrator, Office of Air and Radiation.*

[FR Doc. 2022–08686 Filed 4–22–22; 8:45 am]
**BILLING CODE 6560–50–P**

---

## ENVIRONMENTAL PROTECTION AGENCY

**[EPA–HQ–OPP–2022–0160; FRL–9409–12–OCSPP]**

### Pesticide Product Registration; Receipt of Applications for New Active Ingredients—March 2022

**AGENCY:** Environmental Protection Agency (EPA).
**ACTION:** Notice.

**SUMMARY:** EPA has received applications to register pesticide products containing active ingredients not included in any currently registered pesticide products. Pursuant to the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), EPA is hereby providing notice of receipt and opportunity to comment on these applications.

**DATES:** Comments must be received on or before May 25, 2022.

**ADDRESSES:** Submit your comments, identified by the docket identification (ID) number and the File Symbol of the EPA registration Number of interest as shown in the body of this, through the Federal eRulemaking Portal at *https://www.regulations.gov*. Follow the online instructions for submitting comments. Do not submit electronically any information you consider to be Confidential Business Information (CBI) or other information whose disclosure is restricted by statute. Additional instructions on commenting or visiting the docket, along with more information about dockets generally, is available at *https://www.epa.gov/dockets/about-epa-dockets*.

Due to the public health concerns related to COVID–19, the EPA Docket Center (EPA/DC) and Reading Room is open to visitors by appointment only. For the latest status information on EPA/DC services and access, visit *https://www.epa.gov/dockets*.

**FOR FURTHER INFORMATION CONTACT:** Charles Smith, Biopesticides and Pollution Prevention Division (BPPD) (7511P), main telephone number: (202) 566–2427, email address: *BPPDFRNotices@epa.gov*. The mailing address for each contact person is: Office of Pesticide Programs, Environmental Protection Agency, 1200 Pennsylvania Ave. NW, Washington, DC 20460–0001. As part of the mailing address, include the contact person's name, division, and mail code. The division to contact is listed at the end of each pesticide petition summary.

**SUPPLEMENTARY INFORMATION:**

## I. General Information

### A. Does this action apply to me?

You may be potentially affected by this action if you are an agricultural producer, food manufacturer, or pesticide manufacturer. The following list of North American Industrial Classification System (NAICS) codes is not intended to be exhaustive, but rather provides a guide to help readers determine whether this document applies to them. Potentially affected entities may include:

• Crop production (NAICS code 111).
• Animal production (NAICS code 112).
• Food manufacturing (NAICS code 311).

### B. What Should I Consider as I Prepare My Comments for EPA?

1. *Submitting CBI.* Do not submit this information to EPA through *regulations.gov* or email. Clearly mark the part or all of the information that you claim to be CBI. For CBI information in a disk or CD–ROM that you mail to EPA, mark the outside of the disk or CD–ROM as CBI and then identify electronically within the disk or CD–ROM the specific information that is claimed as CBI. In addition to one complete version of the comment that includes information claimed as CBI, a copy of the comment that does not contain the information claimed as CBI must be submitted for inclusion in the public docket. Information so marked will not be disclosed except in accordance with procedures set forth in 40 CFR part 2.

2. *Tips for preparing your comments.* When preparing and submitting your comments, see the commenting tips at *https://www.epa.gov/dockets/commenting-epa-dockets*.

## II. Registration Applications

EPA has received applications to register pesticide products containing active ingredients not included in any currently registered pesticide products. Pursuant to the provisions of FIFRA section 3(c)(4) (7 U.S.C. 136a(c)(4)), EPA is hereby providing notice of receipt and opportunity to comment on these applications. Notice of receipt of these applications does not imply a decision by the Agency on these applications. For actions being evaluated under EPA's public participation process for registration actions, there will be an additional opportunity for public comment on the proposed decisions. Please see EPA's public participation website for additional information on this process (*https://www2.epa.gov/pesticide-registration/public-participation-process-registration-actions*).

### A. Notice of Receipt—New Active Ingredients

1. *File Symbol:* 2375–A. *Docket ID number:* EPA–HQ–OPP–2022–0317. *Applicant:* Chr. Hansen, Inc., 16300 W Lincoln Ave., New Berlin, WI 53151. *Product name:* CH4000. *Active ingredient:* Fungicide and nematicide—*Bacillus subtilis* strain CH4000 at 100%. *Proposed use:* For seed treatment and applications to soil. *Contact:* BPPD.
2. *File Symbol:* 2375–L. *Docket ID number:* EPA–HQ–OPP–2022–0317. *Applicant:* Chr. Hansen, Inc., 16300 W

---

[6] In deciding whether to invoke the exception by making and publishing a finding that this final action is based on a determination of nationwide scope or effect, the Administrator has also taken into account a number of policy considerations, including his judgment balancing the benefit of obtaining the D.C. Circuit's authoritative centralized review versus allowing development of the issue in other contexts and the best use of Agency resources.

[7] In the report on the 1977 Amendments that revised section 307(b)(1) of the CAA, Congress noted that the Administrator's determination that the "nationwide scope or effect" exception applies would be appropriate for any action that has a scope or effect beyond a single judicial circuit. See H.R. Rep. No. 95–294 at 323, 324, reprinted in 1977 U.S.C.C.A.N. 1402–03.