# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CROSS OIL REFINING & MARKETING INC., | |
| Petitioner, | Case No. 22-1114 (and consolidated cases) |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | |
| Respondent. | |

## NONBINDING STATEMENT OF ISSUES

Petitioner Cross Oil Refining & Marketing, Inc. ("Cross Refining") hereby files this Nonbinding Statement of Issues in this action reviewing the *April 2022 Denial of Petitions for RFS Small Refinery Exemptions*, 87 Fed. Reg. 24300 (Apr. 25, 2022) ("April 2022 Denial"), by Respondent United States Environmental Protection Agency ("EPA").

1. Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.

2. Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it finds Cross Refining to be ineligible to petition for hardship relief despite Cross Refining meeting the definition of a "small refinery" under the Clean Air Act and EPA's implementing regulations and having received the initial hardship exemption set forth in the Act.

3.      Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it constitutes an unlawful retroactive agency rule.

4.      Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it violates the Clean Air Act's requirement that EPA make an individualized determination of whether each individual petitioning small refinery has suffered disproportionate economic hardship in a given compliance year.

5.      Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it disregards the refinery-specific indicia of disproportionate economic hardship that are set forth in Cross Refining's petition and supplemental submissions in support of that petition.

6.      Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because of the requirement that EPA decide small refinery hardship waiver petitions in consultation with the Department of Energy.

7.      Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it relies on the alleged general nationwide phenomenon of RIN Passthrough while disregarding the economic factors in the DOE scorecard that evidence disproportionate economic harm.

8. Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it unlawfully and arbitrarily relies on the Tenth Circuit's vacated decision in *Renewable Fuels Association v. EPA*, 48 F.3d 1206 (10th Cir. 2020), and the subsequent judgment of the Tenth Circuit affirming the hardship waivers at issue in that case.

9. Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it disregards the Clean Air Act's directive that EPA consider "other economic factors" beyond simply the burdens of RFS compliance in determining whether a small refinery has incurred disproportionate economic hardship.

10. Whether the April 2022 Denial is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law because it constitutes an adjudication with unlawful retroactive effect under *Sierra Club v. EPA*, 719 F.2d 436, 467–68 (D.C. Cir. 1983).

Dated: November 21, 2022	Respectfully submitted,

*/s/ Mark W. DeLaquil*
MARK W. DELAQUIL
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue NW
Washington, DC  20036
Tel: (202) 861-1527
Email: mdelaquil@bakerlaw.com

*Attorney for Petitioner Cross Oil Refining & Marketing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: November 21, 2022　　　　　*/s/ Mark W. DeLaquil*
　　　　　　　　　　　　　　　　MARK W. DELAQUIL

　　　　　　　　　　　　　　　　*Attorney for Petitioner Cross Oil Refining & Marketing, Inc.*